This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CECIL DANIELL,**

      Plaintiff-Appellant,

**and**

**DARLA DANIELL,**

      Plaintiff,

v.                         **No. A-1-CA-37508**

**KNOX OILFIELD SUPPLY INC., and
LEO TWEEDY,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Lisa B. Riley, District Judge**

Duke Brett
El Paso, TX

for Appellant

Kemp Smith LLP
Jose A. Gonzalez
El Paso, TX

for Appellees

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Plaintiff Cecil Daniell appeals from the district court's order granting summary judgment in favor of Defendants. We issued a notice of proposed summary disposition, proposing to reverse. Defendants have responded to our notice with a memorandum in

opposition, and Plaintiffs have responded with a memorandum in support. We remain persuaded that summary judgment was in error. We, therefore, reverse.

**{2}** In this employment case, Plaintiffs Cecil Daniell and Darla Daniell, husband and wife, brought suit against their former employer, Defendant Knox Oil Field Supply, Inc., and their former manager, Defendant Leo Tweedy, for violations of the New Mexico Human Rights Act and common law retaliatory discharge. [DS 1] Defendants sought summary judgment against Cecil and Darla. [DS 1] The district court granted Defendants' motion for summary judgment against Cecil and denied summary judgment as to Darla; thereafter, Defendants and Darla entered a settlement as to her claims against them. [DS 1; 3 RP 558-69, 583-84, 601-03, 606-08, 619-20] Thus, this appeal pertains only to Cecil's claims against Defendants.

**{3}** In their motion for summary judgment, Defendants challenged Cecil's ability to establish the third element of a retaliation claim: a causal connection between his engagement in a protected activity and his termination. [1 RP 89] *See Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 11, 139 N.M. 12, 127 P.3d 548 (stating that a prima facie case of retaliation requires the plaintiff to show: "(1) he [or she] engaged in protected activity, (2) he [or she] was subject to adverse employment action subsequent to, or contemporaneous with the protected activity, and (3) a causal connection exists between the protected activity and the adverse employment action."); *see also id.* ¶ 13 (explaining that where the plaintiff did not ask the district court to take any action on the first two elements of retaliation, the Court on appeal assumed that summary judgment was improper on those elements and focused on whether the plaintiff made a prima facie case of the third element).

**{4}** Defendants claimed that Scott Knox was the person who fired Cecil, not Cecil's former manager Defendant Leo Tweedy, and Mr. Knox was not aware that Cecil made complaints to Mr. Tweedy about the termination of his wife's employment. [1 RP 90] Defendants further argued that even if Cecil could establish a prima facie case of retaliation, the burden would shift to Defendants to establish a legitimate, nondiscriminatory reason for discharging Cecil. [Id.] Defendants asserted that Cecil was discharged for not going to work and for cussing at Mr. Tweedy. [Id.] Defendants argued that because they presented a legitimate reason for firing Cecil the burden shifted to Cecil to show the reason was false. [Id.]

**{5}** In response to the motion for summary judgment, Plaintiffs asserted, and presented evidence, that Mr. Tweedy fired both Darla and Cecil, and Defendants gave conflicting answers as to who fired Cecil. [1 RP 178, 182; 2 RP 248-52, 256-57] Cecil also argued that the proffered reasons for firing him were pretextual and that he was discharged in retaliation for engaging in protected activity in opposing the discrimination by Defendants against his wife and because of his spousal affiliation with his wife. [DS 3; 2 RP 255-270] Cecil argued that Defendants sought summary judgment on the basis of their own weighing of the evidence and their own interpretation of the facts. [2 RP 245] Cecil asserted he was fired on the same day he complained about the discrimination against his wife and that a reasonable person would not have fired him.

[2 RP 245, 255-70] Cecil claims that the record showed that he had not received any discipline at work nor suffered performance issues before he was fired on the day his wife was terminated for age discrimination. [MIS 3] Cecil further claims that contrary to Defendants' assertion, he went to work on the day he was fired and refused the supervisor's instruction to get his "ass out to the yard" because he was upset that Defendants had just fired his wife because they wanted a younger girl. [MIS 2-3; 2 RP 285] Cecil relied on *Juneau* for the proposition that "[t]he fact-finder should be free to consider timing and proximity, along with all the other facts and circumstances, in deciding the ultimate issue of causation." 2006-NMSC-002, ¶ 22. [2 RP 258]

**{6}** The district court concluded:

> Defendants are entitled to judgment as a matter of law. Cecil Daniell has not established a prima facie case of retaliation. Even if it were established that Leo Tweedy made the decision to fire Cecil Daniell, and further, that he had knowledge of her claims of age discrimination, Knox Oil has articulated a non-retaliatory reason for firing Cecil Daniell. Leo Tweedy called Cecil Daniell for the sole purpose of getting him to come to work. He was not trying to get rid of Cecil Daniell, to the contrary, he was trying to get him to fulfill the obligations of his employment. Cecil Daniell refused to go to work, and insubordinately cursed at Leo Tweedy, behavior which any reasonable employee would expect to immediately result in his or her termination and is, in most cases, tantamount to quitting. This behavior is admitted by Cecil Daniell and there is no evidence, whatsoever, that reason is false. There is no reason to question this termination as being anything other than the direct and natural consequence of Cecil Daniell's actions.

[3 RP 620]

**{7}** Our notice proposed to reverse on grounds that there were genuine issues of material fact regarding the reasons for his discharge, and the district court erroneously weighed the evidence at the summary judgment stage. [CN 3-4]

**{8}** In response to our notice, Defendants repeat their contention that summary judgment was proper because under the burden-shifting framework, Defendants asserted a legitimate, non-discriminatory, and non-retaliatory reason for discharging him, and Plaintiff failed to respond with evidence that Defendants' reason for firing him was false and that discrimination and retaliation were the real reasons. [MIO 1, 3, 5, 7, 14-17]

**{9}** We are not persuaded that summary judgment was proper. We have repeatedly acknowledged that "even when the facts are undisputed, if conflicting inferences can be drawn, summary judgment is improper." *In re Michael R.C.*, 1999-NMCA-036, ¶ 13, 126 N.M. 760, 975 P.2d 373. We continue to agree with Plaintiff that the district court

weighed the evidence and made credibility determinations that our Supreme Court warned against in *Juneau*:

> whether a proffered justification is legitimate, or is merely an excuse to cover up illegal conduct, is largely a credibility issue and often requires the use of circumstantial evidence. It is rare a defendant keeps documents or makes statements that directly indicate a retaliatory motive for terminating an employee. Issues such as this should normally be left exclusively to the province of the jury. Judges should not make credibility determinations or weigh circumstantial evidence at the summary judgment stage.

2006-NMSC-002, ¶ 23.

**{10}** For the reasons stated above and in our notice, we conclude there were genuine issues of material fact regarding the reasons for Plaintiff's discharge and the district court erroneously weighed the evidence in granting summary judgment in favor of Defendants. We, therefore, reverse the district court's order.

**{11}   IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**